[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] AMENDMENT TO MEMORANDUM OF DECISION DATED OCTOBER 26, 2000
Page 5 of the above-mentioned decision is replaced as follows:
The last paragraph on page 5, first line should read: "The court does not find that the defendant proved by a preponderance of the evidence
Accordingly, please replace the enclosed page to correct said error.
BY THE COURT:
Dyer, J.
The sentence was originally written to read: ". . . wife shall return to the husband a Beretta 25 and Winchester 12-gauge shotgun." The words ". . . return to the husband . . ." were lined out, and the language indicated above was substituted.
The plaintiff testified that she left the guns at 18 Romagna Road at the time she vacated.
The separation agreement also noted that each party would retain the personal property in his or her possession. With the exception of the pistol and shotgun referred to above, the document gives no indication that there was any other dispute as to the disposition of personal belongings at the time of dissolution.
The court notes that the defendant's contempt motion was filed approximately two years and 11 months after the dissolution judgment entered.
That judgment required the plaintiff to "inform" the defendant where the firearms were located. The court cannot find the plaintiff in contempt for failing to "return the pistol and shotgun" when the language of the judgment did not specifically require her to do so. Furthermore, CT Page 13423 the defendant did not prove by a preponderance of the evidence that the plaintiff took the firearms in question or wrongfully appropriated them to herself.
The court does not find that the defendant proved by a preponderance of the evidence that the plaintiff violated the court's order by withholding or failing to return other personal belongings or clothing. The language of the separation agreement signed by the parties at the
 Page 5